IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN KIM, §<br>　　　Petitioner, §<br>§<br>v. §<br>§<br>§<br>THE STATE OF TEXAS, §<br>　　　Respondent. § | No. 3:19-cv-01145-K (BT) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner John Kim filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the petition should be dismissed for failure to exhaust state remedies.

I.

Petitioner challenges his 2018 conviction for Driving While Intoxicated. *State of Texas v. John Kim*, No. MB-17-63715 (Cty Crim. Ct. No. 9, Dallas County, Tex., July 30, 2018). He was sentenced to 150 days in jail, probated for 15 months. Petitioner did not file an appeal and did not file a state petition for writ of habeas corpus. *See* Am. Pet. 5 (ECF No. 9). On May 13, 2019, Petitioner filed his original petition in federal court (ECF No. 2), and on May 15, 2019, he filed an amended petition (ECF No. 9). He argues: (1) his plea of nolo contendere was involuntary;

(2) the evidence was insufficient to support the conviction; (3) he received ineffective assistance of counsel; and (4) he was subjected to excessive fines.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims, in a procedurally proper manner, to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). In Texas, a convicted person must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Here, Petitioner failed to present his claims to the Texas Court of Criminal Appeals by filing a petition for discretionary review, or by filing a state habeas petition. Petitioner therefore failed to exhaust his state remedies.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 18-19 (1982).

### III.

The petition should be dismissed without prejudice for failure to exhaust state remedies.

Signed May 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).